**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EP LIQUIDATION, LLC,<br><br>                Debtor. | Chapter 7<br><br>Case No. 14-10359 (CSS) |
| CHARLES A. STANZIALE, JR., solely in his capacity as the Chapter 7 Trustee of EP Liquidation, LLC,<br><br>                Plaintiff,<br>v.<br><br>KUEHNE + NAGEL INC. and<br>KUEHNE + NAGEL SERVICES LTD.,<br><br>                Defendants. | Adv. Pro. No. 16-50075 (CSS) |

**TRUSTEE'S *AMENDED* COMPLAINT FOR AVOIDANCE AND RECOVERY OF
PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 550, AND 551**

Plaintiff, Charles A. Stanziale, Jr., solely in his capacity as the duly appointed, qualified and serving Chapter 7 Trustee (the "Plaintiff" or the "Trustee") for the estate of the above-captioned debtor (the "Debtor"), by and through his attorneys, Ciardi Ciardi & Astin, as and for his complaint against Kuehne + Nagel Inc. and Kuehne + Nagel Services Ltd. (the "Defendants"), hereby alleges as follows:

**NATURE OF THE ACTION**

1.    The Trustee brings this action against the Defendants to avoid and recover certain preferential transfers made by the Debtor to the Defendants that occurred during the ninety-day period prior to the date of commencement of the Debtor's bankruptcy proceedings and to recover the value thereof.

2.    The Trustee also seeks to disallow any claims filed by the Defendants against the Debtor's estate until the value of the preferential transfers of the Debtor's property are returned to the Trustee for the

benefit of the Debtor's estate and its creditors.

## JURISDICTION, VENUE AND PREDICATES FOR RELIEF

3. The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b).

4. This adversary proceeding has been referred to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a).

5. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

6. The Trustee agrees to entry of a final order or judgment by the Bankruptcy Court in this adversary proceeding.

7. Venue is proper in the Bankruptcy Court pursuant to 28 U.S.C. § 1409(a) because this is a proceeding related to and arising under Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

8. The Bankruptcy Court has personal jurisdiction over the Defendants pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

9. Upon information and belief, and according to the Debtor's books and records, the Defendants' principal place of business is located at 3610 Hacks Cross Road, Memphis, TN 38125.

10. The predicates for the relief sought herein are sections 547, 550 and 551 of the Bankruptcy Code and Bankruptcy Rule 7001.

11. Pursuant to sections 323(b) and 704(a)(1) of the Bankruptcy Code, the Trustee has standing to litigate affirmative claims of and object to claims asserted against the Debtor.

## GENERAL BACKGROUND

12. On February 24, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

13. On or about February 24, 2014, Charles A. Stanziale, Jr. was duly appointed as the

Trustee in the Debtor's Chapter 7 case.

## THE TRANSFERS

14. During the ninety-day period prior to the Petition Date (the "Preference Period"), the Debtor transferred property to or for the benefit of the Defendants through payments aggregating an amount not less than $90,016.01. The details of each and every one of the transfers of property by the Debtor to or for the benefit of the Defendants are set forth on **Exhibit A**, which is attached hereto and incorporated by reference.

15. **Exhibit A** reflects the Trustee's present knowledge of the transfers made to the Defendants by the Debtor during the Preference Period. During the course of this adversary proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made by the Debtor to the Defendants during the Preference Period. The Trustee is seeking to avoid and recover all such transfers, whether such transfers presently are reflected on **Exhibit A** or not. Collectively, all transfers made by the Debtor of an interest of the Debtor in property to or for the benefit of the Defendants during the Preference Period (whether such transfers presently are reflected on **Exhibit A** hereto or not) are referred to herein as the "Transfers."

16. The Transfers were made from the Debtor's bank account on the date indicated on **Exhibit A** and by the method indicated on **Exhibit A**.

17. The Transfers were made on account of the Debtor's purchase, on an unsecured basis, of cargo logistics and other related services from the Defendants.

18. Had the Transfers not been made, the Defendants would have had an unsecured claim in the amount of the Transfers against the Debtor.

19. On February 16, 2016, the Trustee sent a letter to the Defendants (the "Demand Letter") demanding the return of the Transfers to the Trustee. As of the date hereof, the Defendants has not returned the Transfers to the Trustee.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

20.     The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 18 hereof as if fully set forth herein.

21.     Each Transfer identified in **Exhibit A** was made to the Defendants.

22.     Each Transfer was a transfer of an interest of the Debtor in property.

23.     Each Transfer was made to or for the benefit of the Defendants, a creditor of the Debtor who provided cargo logistics and other related services for the Debtor.

24.     Each Transfer was made for or on account of an antecedent debt or debts owed by the Debtor to the Defendants before such Transfers were made.

25.     Each Transfer was made during the Preference Period.

26.     Each Transfer was made while the Debtor was insolvent.

27.     Each Transfer enabled the Defendants to receive more than the Defendants would have received if (i) the transfers and/or payments had been made, or (ii) the Defendants received payment on account of the debt paid by the Transfers to the extent provided by the Bankruptcy Code.

28.     Each Transfer constitutes an avoidable preference pursuant to section 547(b) of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**
**(Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550)**

29.     The Trustee repeats and realleges each of the allegations set forth in paragraphs 1 through 27 hereof as if fully set forth herein.

30.     The Defendants were the initial transferees of the Transfers, the intermediate or mediate transferees of the Transfers, or the person or entity for whose benefit the Transfer(s) was/were made.

31.     Each Transfer that is avoided under section 547(b) of the Bankruptcy Code is recoverable pursuant to section 550 of the Bankruptcy Code.

32.  Subject to potential defenses, the Trustee is entitled to recover the value of the Transfers pursuant to section 550(a) of the Bankruptcy Code.

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee demands judgment as follows:

A.  Pursuant to the First and Second Claims for Relief, entering judgment against the Defendants under sections 547 and 550 of the Bankruptcy Code and in favor of the Trustee avoiding and recovering the Transfers in an amount not less than $90,016.01; and

B.  Awarding the Trustee post judgment interest at the maximum legally applicable rate; and

C.  Granting the Trustee such other and further relief the Court deems just and appropriate.


Dated:  June 18, 2016
       Wilmington, Delaware       **CIARDI CIARDI & ASTIN**

By: */s/ Daniel K. Astin*
Daniel K. Astin (No. 4068)
John D. McLaughlin, Jr. (No. 4123)
Joseph J. McMahon, Jr. (No. 4819)
1204 N. King Street
Wilmington, DE 19801
Telephone: (302) 658-1100
Email: jmcmahon@ciardilaw.com

*Special Counsel for the Chapter 7 Trustee*

## **EXHIBIT A**

| ACCOUNT | CHECK NO. | CHECK DATE | CLEAR DATE | AMOUNT |
|---|---|---|---|---|
| 8026594405 | 82000652 | 11/22/13 | 12/02/13 | 34,695.61 |
| 8026594405 | 82000813 | 01/17/14 | 01/26/14 | 22,860.31 |
| 8026594405 | 82000821 | 01/28/14 | 02/04/14 | 14,056.76 |
| 8026594405 | 82000841 | 01/31/14 | 02/06/14 | 18,403.33 |
| **TOTAL:** | | | | **$90,016.01** |